**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Lawrence Richard Brasda,<br><br>Petitioner,<br><br>v.<br><br>Jared Rardin,<br><br>Respondent. | Case No. 26-cv-3355-ECT-EMB<br><br>**REPORT AND RECOMMENDATION** |

---

Petitioner Lawrence Richard Brasda alleges that the Federal Bureau of Prisons ("BOP") wrongfully concluded that he is a sex offender. As a result, the BOP refuses to transfer Mr. Brasda to prerelease custody, such as a halfway house or home confinement. Instead, the BOP is insisting that Mr. Brasda serve the remainder of his sentence, which is scheduled to end in a few weeks, in prison.

Mr. Brasda has filed a petition for habeas corpus ("Petition") asking the Court to direct the BOP to transfer him from prison to home confinement for the remainder of his sentence, consistent with (Mr. Brasda argues) the First Step Act of 2018 ("FSA") and the Second Chance Act of 2007 ("SCA"). The Petition comes before the Court for preliminary review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District

Courts.[1] Upon that review, this Court recommends that the petition be denied for failure to state a cognizable habeas claim.

In 2025, Mr. Brasda pleaded guilty in the United States District Court for the District of Montana to Possession with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Brasda*, Case No. 4:24-CR-00063-001 (D. Mont. Jun. 18, 2025). He was sentenced to a 21-month term of imprisonment, followed by three years of supervised release. *See id.* Mr. Brasda is currently serving that term of imprisonment at the Federal Medical Facility in Rochester ("FMC-Rochester"). *Id.*

By May 19, 2026, Mr. Brasda was quickly approaching the conclusion of that sentence, and the BOP Unit Team responsible for determining Mr. Brasda's facility placement recommended that he be transferred to home confinement on June 17, 2026. However, on June 2, 2026, Mr. Brasda's case manager informed him that he was ineligible for home confinement because he is designated as a sex offender, a designation that Mr. Brasda denies.[2]

[1] Although Mr. Brasda does not bring his Petition pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases in the United States District Courts nevertheless apply. *See* R. 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] Mr. Brasda acknowledges he did not pursue any administrative remedies and instead filed this Petition asking the Court to order his immediate placement in home confinement. Failure to exhaust administrative remedies is grounds to deny habeas claims. *See Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993) (affirming dismissal of habeas claim where petitioner did not first exhaust

This Court has sympathy for Mr. Brasda's predicament if it is in fact true that his transfer to prerelease custody was scuttled by the BOP due to erroneous information. That said, a habeas petition may be used to challenge only the fact or duration of the petitioner's confinement, not the conditions or location of confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (stating that "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."); *accord Fortner v. Eischen*, 170 F.4th 655, 658 (8th Cir. 2026). A transfer from prison to home confinement may seem in some ways like the conclusion of custody, but it is not. Instead, home confinement is only one of many forms of BOP custody. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *see also Williams v. Birkholz*, Case No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) (finding that "[h]ome confinement is considered a place of confinement or imprisonment."). Because the Court lacks jurisdiction over challenges to the location of custody, the Court lacks jurisdiction over this case.

---

administrative remedies). But the exhaustion requirement is judicially created, not statutory, and may be waived in appropriate circumstances. Given the short duration of time between the date Mr. Brasda learned he had been deemed ineligible for home confinement and the end of his imprisonment term, the Court does not recommend denying the petition due to failure to first exhaust administrative remedies.

One further point is worth making beyond the jurisdictional point. Mr. Brasda is somewhat loose in his invocations of the FSA and SCA, invoking both statutes as a basis for his entitlement to transfer. The statutes, however, do different things and have different limitations. The FSA allows eligible federal prisoners to earn time credits for participating in "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). One benefit of earning FSA time credits is the opportunity for eligible program participants to reduce their overall term of custody by up to one year. *See* 18 U.S.C. § 3624(g)(3). Any remaining FSA time credits may be applied towards accelerating the date on which the prisoner is transferred to prerelease custody. *See* 18 U.S.C. § 3632(d)(4)(C). A challenge to the BOP's calculation of FSA time credits as applied towards the shortening of the period in custody *is* a cognizable claim for habeas relief. It is not, however, a claim that Mr. Brasda is raising. Mr. Brasda does not allege that the BOP is shortchanging him on FSA credits such that his overall term in custody will be too long, only that the BOP is not allowing him to apply time credits towards prerelease custody.

In any event, the Court is skeptical that FSA time credits are actually relevant to this matter, as Mr. Brasda could not mathematically have earned enough FSA time credits to begin applying those credits towards prerelease custody given the relatively short duration of his sentence and the fact that

the first 365 days' worth of FSA time credits would be applied towards shortening Mr. Brasda's sentence. *See* 18 U.S.C. § 3632(d)(4)(A). Mr. Brasda's true bone of contention appears to be with how the BOP is applying the SCA, which permits the BOP to transfer a prisoner to prerelease custody for the final period of that prisoner's sentence. But as courts in this District have repeatedly held, the BOP has exclusive authority to determine the placement of prisoners under the SCA, including their placement on home confinement. *See Garcia v. Eischen*, No. 22-CV-444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases). "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams v. Birkholz*, No. 20-cv-2190, 2021 WL 4155614, at *3 (D. Minn. July 20, 2021), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Indeed, the SCA itself could not be clearer that full discretion regarding placement is left in the hands of the BOP. *See* 18 U.S.C. § 3624(b)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").

The Court lacks jurisdiction to consider Mr. Brasda's claims and recommends denial of his Petition on that basis.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. Petitioner Lawrence Richard Brasda's petition for habeas corpus relief be **DENIED.**

2. This action be **DISMISSED**.

Date: September 14, 2026

*s/Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).